UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CR320 HEA |
| ) | |
| DONALD RADOSH, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge David D. Noce's Order and Recommendation which followed the August 1, 2005 evidentiary hearing held on Defendant Radosh's Motion to Suppress Evidence and Statements, [#16], and the Government's Motion for a Pretrial Determination of the Admissibility of Statements, [#17]. On August 11, 2005, Judge Noce, in his Order and Recommendation, recommended Defendant's motion be denied and the Government's motion be denied as moot. Defendant Radosh has filed written objections to the Report and Recommendation. The Government has not filed objections. Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which Defendant Radosh objects.

## **Facts and Backround**

The record reveals that during the week of March 27, 2005, a confidential

informant (CI) informed Officer Martinous Walls of the St. Louis Metropolitan Police Department, that narcotics were being sold from 7619 Virginia in the City of St. Louis. The CI claimed he had personally witnessed a white male, known as "Don," package and sell narcotics and illegal firearms from 7619 Virginia, which was said to be Don's personal residence. The CI also claimed that from time to time, Don performs his transactions from the parking lot of 3740 South Grand Avenue. Officer Walls testified at the evidentiary hearing that the CI in question had previously provided Walls with reliable information that led to arrests and seizures, some of which resulted in cases then pending in Missouri state courts.

Between March 28, 2005 and March 30, 2005, Officer Walls and others, Officers Lyndon Cornell and Matthew Wiedemann, observed the residence located at 7619 Virginia. From the CI's description, the officers were able to identify the man known as "Don" as Donald Radosh, the Defendant in this case. During their time observing the residence, officers witnessed approximately ten individuals enter the residence on different occasions and none of the individuals stayed for longer than 3 minutes before leaving. Defendant was also seen entering the residence approximately ten times, staying for only a couple of minutes, and then leaving. Officers did not observe anyone carrying a package or items that appeared to be narcotics or firearms during their observations.

At one point during the officer's surveillance of the residence, the officers followed Defendant when he drove his car to the lot located at 3740 South Grand. Defendant stayed in the lot for a couple of minutes before meeting with an unidentified person. From their observations of the two individuals in the lot, the officers believed the meeting involved a drug transaction.

On March 31, 2005, Walls applied for a search warrant for 7619 Virginia and submitted his sworn affidavit in support. Walls' affidavit indicated that the CI told him that Defendant possessed powder cocaine, marijuana, and illegal firearms inside 7619 Virginia within the past 24 hours. The affidavit also stated the CI had previously provided information about illegal drug sales which resulted in gun and drug law arrests, seizures of weapons and narcotics, and the prosecution of several cases in the Circuit Court of the State of Missouri.

At approximately 3:15 p.m., after a Missouri Circuit Court judge issued a search warrant for 7619 Virginia, Officer Wiedmann and others arrived at the residence to execute the warrant. As they arrived, they saw Defendant standing on the front porch of the residence. Officers told him they were there to execute a search warrant. Defendant was then handcuffed and placed in the front room, which was his bedroom, while officers performed a protective sweep and then searched the entire residence. About 15 minutes later, Officer Walls discovered a loaded .22 caliber pistol in the

dresser drawer of Defendant's room. Officers also found a double-barreled sawed-off shotgun in the kitchen leaning up against the wall. Two more guns were discovered in a gun-safe after the key to the safe was located in the bedroom closet. No drugs or currency were seized. The search lasted for approximately one hour.

Following the search, Officer Walls formally arrested Defendant, who was advised of his constitutional right to remain silent and his right to counsel. Defendant stated that he understood what Walls said to him, and he did not appear intoxicated or otherwise under the influence of drugs or alcohol. Officers told Defendant about the guns they discovered in the house, and Defendant voluntarily and spontaneously stated that most of the guns belonged to his father and that the small one was for his protection. Defendant was not subjected to any type of physical abuse during the arrest, nor was he promised anything or coerced in anyway to make any statement.

## Discussion

**Findings of Fact**

Defendant objects to Judge Noce's acceptance as fact that a confidential informant provided information to police; persons were observed at 7619 Virginia; firearms were discovered at the residence; and that the officers' claim they advised Defendant of his constitutional rights.

Defendant's objections regarding Judge Noce's findings of fact are without merit.

This Court has reviewed the transcripts from the August 1, 2005 evidentiary hearing, and concludes that Judge Noce's findings of fact with respect to the evidence adduced are correct. Officer Wiedemann testified as to all of the facts set forth above, under oath, and to the best of his recollection. Defendant, on the other hand, did little to refute the testimony of the officers on cross-examination and offered no documents, witnesses testimony or other evidence to contradict the officers' testimony. Therefore, this Court finds the uncontradicted and unrefuted evidence offered by the Government to be credible. Defendant's objections to Judge Noce's findings of fact will not be sustained.

**Conclusions of Law**

    **1. Probable Cause**

Defendant Radosh objects to Judge Noce's legal conclusion that the search warrant for 7619 Virginia was properly issued and executed. Defendant contends officers did not possess the requisite probable cause, since they had no reason to believe that narcotics and weapons would be found in the residence.

Probable cause means a "fair probability that . . . evidence of a crime will be found in a particular place," given the circumstances set forth in the affidavit. *United States v. Horn,* 187 F.3d 781, 785 (8th Cir. 1999) (*citing Illinois v. Gates,* 462 U.S. 213, 238 (1983)). When reviewing the legal sufficiency of the basis for the issuance

of a search warrant, the Court must determine whether the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of the warrant. *United States v. Luloff,* 15 F.3d 763, 768 (8th Cir. 1994). There must be a fair probability, based on the totality of circumstances described in the officer's affidavit, and the veracity and basis of knowledge of the persons supplying hearsay information, that contraband or evidence of a crime will be found in a particular place. *United States v. Coleman,* 349 F.3d 1077, 1083 (8th Cir. 2003).

The record reflects that officers obtained reliable information from a confidential informant that Defendant was selling narcotics and firearms from his residence at 7619 Virginia. The CI also informed officers that Defendant had sold such items from the residence within 24 hours of the officers' application for the search warrant. Furthermore, officers observed Defendant leave his home and drive to the empty lot located at 3740 South Grand, where they observed what they believed to be a drug transaction. These facts and circumstances were sufficient to warrant the officers' belief that drugs and or firearms were being kept in Defendant's residence. The affidavit informed the issuing judge of these occurrences and that the CI was known to be reliable based on prior information he had provided. Thus, the search warrant application was based on the officers' probable cause and the issuing judge had a substantial basis for finding that probable cause existed that narcotics, firearms, and/or

other evidence of a crime would be discovered at 7619 Virginia. Therefore, the search warrant was lawfully issued.

As for the execution of the search warrant, there is no evidence that officers executed the warrant in any other way than lawfully. Defendant was standing on the porch of the residence when officers arrived, they told him they had a warrant, and Defendant was temporarily detained by being placed in handcuffs and positioned in the bedroom. Officers then performed a protective sweep of the residence for their safety before conducting the search. The search revealed four firearms, a .22 caliber pistol, a sawed-off shot-gun, and two other guns retrieved from a gun case. Nothing in the record suggests that the execution of the warrant was illegal. Therefore, Defendant's objection will be overruled.

**2. Statements**

Defendant also objects to Judge Noce's conclusion as to the admissibility of Defendant's statements. Officers had probable cause to arrest Defendant, even before the search began, because the information provided by the CI was sufficient to cause a reasonable person to believe that Defendant had committed and was then committing drug law and gun law violations. *Beck v. Ohio,* 379 U.S. 89, 91 (1964); *United States v. Nevils,* 897 F.2d 300, 309 (8th Cir.), *cert. denied,* 498 U.S. 844 (1990). Yet, officers merely detained Defendant until the search was over, and then Defendant was

placed under arrest. The discovery of the firearms in the residence increased the probable cause to arrest Defendant.

Pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966), Officer Walls advised Defendant of his constitutional rights to remain silent and to counsel after the arrest. Defendant indicated he understood those rights. The record reveals that the statements made by Defendant thereafter were spontaneous and not the result of any interrogation. Further, the statements were voluntary, because they were not the result of coercion or intimidation on the part of officers, nor were they made as a result of any promises given to Defendant. *See Colorado v. Connelly,* 479 U.S. 157, 169-70 (1986); *United States v. Goudreau,* 854 F.2d 1097, 1099 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Radosh's Motion to Suppress Evidence and Statements, [#16], is denied;

**IT IS FURTHER ORDERED** that the Government's Motion for a Pretrial Determination of the Admissibility of Statements, [#17] is denied as moot.

Dated this 16th day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE