UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CR320 HEA |
| | ) | |
| DONALD RADOSH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Reconsider Motion to Dismiss with Prejudice and, in the Alternative, to Dismiss on Double Jeopardy Grounds, [#56], Defendant's Motion to Exclude Witness Matthew Wiedemann, [#61], and Defendant's Motion to Bar Further Proceedings Prior to a Ruling on Defendant's Motion to Dismiss with Prejudice and to Dismiss on Double Jeopardy Grounds, [#63]. Document numbers 61 and 63 have been filed under seal.

**Facts and Backround**

Defendant Radosh has been indicted for being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). A trial on the matter commenced before the undersigned on March 20, 2006. On March 21, 2006, this Court declared a mistrial based on the disclosure at trial of previously undisclosed statements allegedly made by

Defendant to law enforcement officials. The witness, Officer Matthew Wiedemann, testified that a statement allegedly made by Defendant was in the form of a question regarding the identity of the individual who acted as a "snitch." The statement was never mentioned during Wiedemann's previously sworn testimony nor was it referenced in any documents disclosed to Defendant before or during trial.

**Motion to Reconsider**

Defendant moves that this Court reconsider his earlier motion (made at trial) to dismiss this cause with prejudice and, in the alternative, dismiss this cause on double jeopardy grounds. While the failure on the part of the Government to reveal the statement was in violation of Rule 16 (a)(1)(A) of the Federal Rules of Criminal Procedure (requiring the disclosure of oral statements made by a defendant to government agents), the harm suffered by Defendant in the first trial does not warrant a dismissal of the action *with prejudice*. As such, Defendant's motion that the Court reconsider its earlier ruling on the issue is denied. This matter remains re-set for trial on May 8, 2006.

Defendant also argues that the Government's gross negligence in not eliciting further information from Officer Wiedemann regarding Defendant's alleged statement about the snitch "rises to the level of prosecutorial misconduct sufficient to bar a new trial based on Double Jeopardy grounds." The Supreme Court addressed the double

jeopardy issue in *Oregon v. Kennedy,* 456 U.S. 667 (1982) and stated:

> The general rule is said to be that the double jeopardy clause does not bar reprosecution, . . . where circumstances develop not attributable to prosecutorial or judicial overreaching, . . . even if defendant's motion is necessitated by a prsecutorial error. However, retrial is barred where the error that prompted the mistrial is intended to provoke a mistrial or is 'motivated by bad faith or undertaken to harass or prejudice' the defendant.

*Kennedy,* 456 U.S. at 670 (quoting *United States v. Jorn,* 400 U.S. 470, 485 (1971) and *United States v. Dinitz,* 424 U.S. 600, 611 (1976)).

In this case, there is no evidence that the conduct giving rise to Defendant's successful motion for mistrial was intended to provoke the defendant into moving for a mistrial. In fact, counsel for the Government argued against a mistrial, and Defendant's counsel was advised that although a mistrial would be granted, the charges against Defendant would not be dismissed. Thus, Defendant Radosh is not entitled to invoke the bar of double jeopardy in this second effort to try him by the Government. See also, *Morrison v. Missouri,* 946 F.2d 1340, 1343 (8th Cir. 1991).

**Motion to Exclude**

Defendant also moves to exclude the testimony of Matthew Wiedeman on the grounds that Wiedemann's varying testimony at the evidentiary hearing and at trial raises a strong inference of perjury. Wiedemann testified under oath at the evidentiary hearing that there were no other statements made by Defendant other than the ones to

which he referred in the hearing. At trial, however, Wiedemann testified to additional statements made by Defendant. Defendant alleges that counsel for the Government would have known about such statements, and that subsequent to the mistrial declared on March 21, 2006, counsel for the Government has indicated that there are other post arrest statements made by Defendant which were previously undisclosed.

Although the Government has failed to respond to Defendant's motion to exclude Wiedemann's testimony, it has admitted to the Court at trial and in previous briefs that the undisclosed statements made by Defendant and testified to by Wiedemann at trial were unknown to the Government and that it was never its intention that such statements be introduced at trial. While the Court is unwilling to exclude Wiedemann's testimony in its entirety, it concludes that any statement previously undisclosed to Defendant's counsel prior to the first trial, which commenced on March 20, 2006, may not be introduced at Defendant's retrial.

**Motion to Bar Further Proceedings**

Defendant's motion to bar further proceedings until its motion to reconsider is ruled upon is essentially moot, since the Court, herein, has denied the latter motion. As such, Defendant's motion to bar further proceedings is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Motion

to Dismiss with Prejudice and, in the Alternative, to Dismiss on Double Jeopardy Grounds, [#56], is denied;

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Witness Matthew Wiedemann, [#61], is granted in part and denied in part; any statement made by Defendant which was undisclosed prior to March 20, 2006 may not be introduced at Defendant's retrial; Defendant's motion is denied in all other respects;

**IT IS FURTHER ORDERED** that Defendant's Motion to Bar Further Proceedings Prior to a Ruling on Defendant's Motion to Dismiss with Prejudice and to Dismiss on Double Jeopardy Grounds, [#63], is denied as moot.

Dated this 3rd day of May, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE