UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CR320 HEA |
| | ) | |
| DONALD RADOSH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge David D. Noce's Order and
Recommendation which followed the evidentiary hearing held on April 19, 2006. On
April 26, 2006, Judge Noce, in his Order and Recommendation, ordered that the
Government's Motion for a Pretrial Determination of the Admissibility of Defendant's
Statements [# 52] be sustained and recommended that Defendant's motions filed under
seal to Exclude Witness Matthew Wiedemann [# 61], to Bar Further Proceedings Prior
to a Ruling on Defendant's Motion to Dismiss [# 63], and to Reconsider the Motion
to Dismiss with Prejudice and, in the Alternative to Dismiss on Double Jeopardy
Grounds [#56] be deferred to this Court.[1] Judge Noce also recommended that the
statements made by Defendant, as set forth in his Order and Recommendation, not be

_____

[1]This Court ruled on documents 61, 63, and 56 in its Order dated May 3, 2006.

suppressed. Defendant Radosh has filed written objections to the Order and Recommendation. The Government has not filed objections. Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Order and Recommendation to which Defendant Radosh objects.

The facts and background have been previously set forth in this Court's September 16, 2005 Order. Subsequent to that Order, a trial was commenced in this matter on March 20, 2006.

At trial, Officer Wiedemann revealed that other spontaneous statements had been made by Defendant. Wiedemann testified that the statement allegedly made by Defendant was in the form of a question regarding the identity of the individual who acted as a "snitch." The statement was never mentioned during Wiedemann's previously sworn testimony nor was it referenced in any documents disclosed to Defendant before or during trial. On March 21, 2006, this Court declared a mistrial based on the disclosure at trial of previously undisclosed statements allegedly made by Defendant to law enforcement officials.

Defendant objects to Judge Noce's Order and Recommendation that the testimony of Officer Wiedemann should be credited and the issue of credibility be left to the finder of fact at trial. Defendant contends the credibility of Wiedemann's testimony is an appropriate subject for consideration on the issue of pretrial

admissibility.

Based on the Court's ruling on May 3, 2006, which granted in part Defendant's Motion to exclude Officer Wiedemann's testimony, the admissibility of Defendant's statements regarding the "snitch" are no longer at issue. Such statements will not be admitted at trial. Defendant's statements regarding the ownership of the guns, however, remains admissible evidence.

Therefore, the Court adopts Judge Noce's Order and Recommendation to the extent that Defendant's statement regarding ownership of the guns discovered at Defendant's residence is admissible.

**IT IS SO ORDERED.**

Dated this 4th day of May, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE