UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CR320 HEA |
| | ) | |
| DONALD RADOSH, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Continue, [#73], wherein Defendant requests a continuance of the May 8, 2006 trial setting to pursue an interlocutory appeal of the Court's May 3, 2006 Order denying Defendant's motion for reconsideration of dismissal with Prejudice and, in the alternative, dismissal based on double jeopardy. The Government has responded to Defendant's motion to continue.

As stated in this Court's May 3, 2006 Order, the harm suffered by Defendant in the first trial, when Officer Wiedemann testified to statements allegedly made by Defendant which had not previously been disclosed to Defendant by the Government, does not warrant a dismissal of the action *with prejudice.* It also does not rise to the level of prosecutorial misconduct sufficient to bar a new trial based on double jeopardy grounds, because there is no evidence that the conduct was intended to provoke

Defendant into moving for a mistrial. In fact, counsel for the Government argued against a mistrial, and Defendant's counsel was advised that although a mistrial would be granted, the charges against Defendant would not be dismissed. Thus, Defendant Radosh is not entitled to invoke the bar of double jeopardy in this second effort to try him by the Government.

The Eighth Circuit has held that the denial of a motion to dismiss on double jeopardy grounds may be raised in an interlocutory appeal. *United States v. Brown,* 926 F.2d 779, 781 (8th Cir. 1991) (citing *Abney v. United States,* 431 U.S. 651, 662 (1977)). However, where a district court has already found that the defendant has failed to make a colorable showing of previous jeopardy, the filing of a notice of appeal from the denial of the double jeopardy motion does not divest the court of its jurisdiction. *Id.* (citing *United States v. Grabinski,* 674 F.2d 677, 679 (8th Cir.) (en banc) (per curiam) ("contrary rule would render the district courts powerless to prevent dilitory tactics"), *cert. denied,* 459 U.S. 829 (1982)). District courts must "make a written finding of whether a double jeopardy claim is frivolous or nonfrivolous (i.e., colorable), with a 'frivolous' finding to be followed by expedited review on appeal." *Id.* (internal citations omitted). Upon such review, the Eighth Circuit should dismiss the appeal for lack of jurisdiction if it also finds the claim to be frivolous. *Id.*

In this case, the Court has already made a written finding that Defendant's

double jeopardy claim is not colorable, and Defendant had the right to file his interlocutory appeal on the matter to expedite a review of the ruling by the Eighth Circuit. The filing of the interlocutory appeal, however, does not divest this Court of its jurisdiction, and this matter shall proceed to trial as set on May 8, 2006.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Continue, [#73], is denied.

Dated this 5th day of May, 2006.

*/s/ Henry Edward Autrey*
———————————————
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE